# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ALAN KEELER, | ) | |
| | ) | |
| Plaintiff, | ) | 13-CV-331-JED-PJC |
| | ) | |
| vs. | ) | |
| | ) | **AMENDED COMPLAINT** |
| (1) SABER ACCEPTANCE COMPANY LLC, | ) | (Unlawful Credit Reporting) |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S VERIFIED AMENDED COMPLAINT

NOW COMES Plaintiff, Alan Keeler, and for the Verified Amended Complaint against Defendant, Saber Acceptance Company LLC, alleges as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

### VENUE

3. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendant conducts business in Oklahoma, has registered office in Oklahoma or a substantial part of the events or omissions giving rise to the claims herein occurred in Oklahoma.

### GENERAL ALLEGATIONS

4. This FCRA case involves the false reporting of a repossession making it appear as though Plaintiff's vehicle was currently repossessed when it was in fact reposed in 2007.

5. Defendant, Saber Acceptance Company ("SAC"), is reporting this false information on Plaintiff's Equifax report ("Trade Line").

6. Sometime in November 2011, Plaintiff sent a dispute letter directly to SAC.

7. On or about April 16, 2012, Plaintiff, through counsel, sent Defendant, Equifax, a dispute letter.

8. In this letter, Plaintiff explained that SAC was improperly reporting a payment history with the letter "R" in each month from 2008-2011, which made it appear as though Plaintiff's vehicle was recently repossessed when it was actually repossessed in 2007.

9. Plaintiff asked Equifax to correct the payment history on Plaintiff's credit file.

10. On or about April 27, 2012, Equifax responded to the Plaintiff's consumer dispute by "updating" his consumer credit file.

11. In the Account History section of Plaintiff's Equifax credit file, it is now populated with the letter "K" from 12/2007 through 2/2012. "K" stands for repossession.

12. This updated consumer credit file makes the Plaintiff's consumer credit file appear as though he has had several repossessed vehicles including some having been currently repossessed.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SABER ACCEPTANCE COMPANY

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Equifax of the Plaintiff's consumer dispute to the Trade Line, SAC negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

15. SAC negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, SAC failed to direct Equifax to appropriately update the Trade Line.

16. The Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with Equifax.

17. As a direct and proximate cause of SAC's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. SAC is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. The Plaintiff has a private right of action to assert claims against SAC arising under 15 USC 1681s-2(b).

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SABER ACCEPTANCE COMPANY.

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax that the plaintiff disputed the accuracy of the information it was providing, SAC willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

22. SAC willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of SAC's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. SAC is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier

fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a.    Actual damages.

    b.    Statutory damages.

    c.    Treble damages.

    d.    Statutory costs and attorney fees.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
4835 S. Peoria Avenue, Suite One
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN     )
                     ) ss.
COUNTY OF WAYNE       )

Plaintiff, Alan Keeler, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Alan Keeler, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

5/15/2013
Date

Alan Keeler,
Plaintiff

VERIFIED COMPLAINT                                               5