UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN KEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 13-CV-331-JED-PJC |
| ) | |
| SABER ACCEPTANCE ) | |
| CO., L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MOTION ASSERTING DEFENSE OF FAILURE TO JOIN A PARTY UNDER RULE 19

Comes now the Defendant and asserts that the Plaintiff has failed to join a required party under Rule 19. Defendant claims that the absence of Equifax Information Services, L.L.C., will effect the Court's ability to accord complete relief among the existing parties or may leave the Defendant subject to substantial risk of incurring inconsistent obligations because of Equifax Information Services, L.L.C.'s interest in the subject of this action. For grounds, Defendant shows the Court that:

1. Plaintiff's knowledge that Equifax Information Services, L.L.C. is a necessary party to this litigation is shown by his inclusion of Equifax Information Services, L.L.C., in the first filing of a lawsuit regarding the same facts and controversy which was assigned Case Number 2:12-CV-

12253-SJM-MAR in the United States District Court for the Eastern District of Michigan. A copy of the complaint is Exhibit "A" to this Motion.

2. Plaintiff's claim is based, in part, upon information that Defendant provided to Equifax Information Services, L.L.C., which Equifax Information Services, L.L.C., then included in Plaintiff's credit report. The information that Defendant supplies to Equifax Information Services, L.L.C., is required to comply with standards established by Equifax Information Services, L.L.C. and Defendant would be subject to inconsistent obligations if this Court's ruling were to be contrary to the standard for reporting required by Equifax Information Services, L.L.C.

WHEREFORE, Defendant requests that Plaintiff make Equifax Information Services, L.L.C., a party to this action or that this action be dismissed for failure to include a party required to be joined under Rule 19.

/s/ Chris Knight
Chris Knight
5314 South Yale Avenue, Suite 150
Tulsa, OK 74135
(918) 496-1200
Fax: (918) 496-3800
chrisknight@knightlawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2013, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Victor R. Wandres

I hereby certify that on _____, I served the same document by :

_____ U.S. Postal Service        _____ In Person Delivery

_____ Courier Service            _____ E-mail

On the following, who are not registered participants of the ECF System:


_____/s/ Chris Knight_____
Chris Knight

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN KEELER,
    Plaintiff,
v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign corporation, and
SABER ACCEPTANCE COMPANY, LLC,
jointly and severally,
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN, and for their Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

### VENUE

3. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.



1

## GENERAL ALLEGATIONS

4. This FCRA case involves the false reporting of a repossession making it appear as though Plaintiff's vehicle was currently repossessed when it was in fact reposed in 2007.

5. Defendant, Saber Acceptance Company ("SAC"), is reporting this false information on Plaintiff's Equifax report only ("Trade Line").

6. Sometime in November 2011, Plaintiff sent a dispute letter directly to SAC.

7. On or about April 16, 2012, Plaintiff, through counsel, sent Defendant, Equifax, a dispute letter.

8. In this letter, Plaintiff explained that SAC was improperly reporting a payment history with the letter "R" in each month from 2008-2011, which made it appear as though Plaintiff's vehicle was recently repossessed when it was actually repossessed in 2007.

9. Plaintiff asked Equifax to correct the payment history on Plaintiff's credit file.

10. On or about April 27, 2012, Equifax responded to the Plaintiff's consumer dispute by "updating" his consumer credit file.

11. In the Account History section of Plaintiff's Equifax credit file, it is now populated with the letter "K" from 12/2007 through 2/2012. "K" stands for repossession.

12. This updated consumer credit file makes the Plaintiff's consumer credit file appear as though he has had several repossessed vehicles including some having been currently repossessed.

2

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SABER ACCEPTANCE COMPANY

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Equifax of the Plaintiff's consumer dispute to the Trade Line, SAC negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

15. SAC negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, SAC failed to direct Equifax to appropriately update the Trade Line.

16. The Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with Equifax.

17. As a direct and proximate cause of SAC's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. SAC is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. The Plaintiff has a private right of action to assert claims against SAC arising under 15 USC 1681s-2(b).

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SABER ACCEPTANCE COMPANY.

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax that the plaintiff disputed the accuracy of the information it was providing, SAC willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

22. SAC willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of SAC's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. SAC is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

27. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

28. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

29. After receiving the Plaintiff's consumer dispute to the Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

31. Equifax is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about plaintiff that was false, misleading and inaccurate.

35. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

36. After receiving the Plaintiff's consumer dispute to the Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

38. Equifax is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

2:12-cv-12253-SJM-MAR   Doc # 1   Filed 05/23/12   Pg 7 of 7   Pg ID 7

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

May 22, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

7